**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:21-CR-000465 RLW (SRW) |
| ) | |
| v. ) | |
| ) | |
| SCOTT T. ROETHLE, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

The Defendant has requested a long and specific list of electronic documents. As will be discussed below, the vast majority of these documents would be discoverable under Rule 16 as statements the Government attributes to the Defendant. Beyond the requirements of Rule 16, a great deal of the information should be disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The evidence requested is material and if presented would have a reasonable probability of effecting the outcome of this matter. *U.S. v. Bagley*, 473 U.S. 667.

### I.   Standard of Review

Rule 16 is a discovery rule designed to protect the due process rights of a defendant by compelling the prosecution to turn over to the defense evidence that is material to the charges at issue. *Yates v. United States*, 135 Sup. Ct. 1074, 183 (2015). As a consequence, if the defendant has demonstrated materiality, the court should not defer to the government assertions as to whether discovery would be meaningful or unnecessary. *United States vs. Budziak,* 697 F.3d 1105, 1112-13 (9th Cir. 2012). The courts have broad discretion in making these determinations. *United States vs. Hintzman*, 806 F.2d 840, 846 (8th Cir. 1986). The 8th Circuit has defined "material" information

1

for the purposes of Rule 16 as information that is "helpful to the defense". *United States v. Vue*, 13 F.3d 1206, 1208 (8th Cir. 1994).

## II.     Anatomy of the Electronic Records

According to the Indictment filed in this matter, the Government has accused the Defendant of creating and submitting false or fraudulent claims for prescriptions for orthotic devices (braces), topical creams, and laboratory testing. All of this done in electronic form. This alleged scheme included intake information from individuals who may have been interested in these products that was gathered in electronic formats through network portals that were established by certain telemedicine or telemarketing companies such as Encore, Locum Tenens or BodMD. This personal health information was reviewed by a physician and, if appropriate, a prescription for the product was prepared by the physician. The prescription was sent to the telemedicine/telemarketing firm who then sent it to pharmacies to be filled and sent out to the patient. It is the cost of the prescription that generates the alleged loss. The electronic records requested are all part of the chain of documents created in furtherance of the alleged fraud. These records are material because they require the signature of the Defendant and they are the corpus of the fraud alleged. *Kyles v. Whitley*, 514 U.S. 419 (1995).

The reviewing physician was paid a flat fee, usually $30.00 but ranging up to $45.00, for the review and consultation. The Government asserts that this program was inherently illegal and all consulting fees were kickbacks. The Defendant has denied the Government's claims.

## III.     Robin Darnell Premier Labs Related Requests

A central figure in this matter is Robin Darnell. Darnell recruited Defendant into telemedicine. A series of emails between Defendant and Darnell provided by Defendant to the Government provides a clear indication of Darnell's role and the manner in which she duped

Defendant. This is consistent with the prosecution of Darnell in Georgia where she admitted that she recruited physicians and falsely claimed that she was a registered nurse and had a group of registered nurses who could complete intake interviews for review. Darnell did not act alone and the Defendant has requested information about her confederates because they directly impact the culpability of Defendant Scott Roethle. As such, the requested discovery should be provided under *Brady v. Maryland* and its progeny. The right to exculpatory evidence rests upon constitutional grounds found in the due process guarantees of the Fifth and Fourteenth Amendments. *U.S. v. Agurs*, 427 U.S. 97, 107 (1996). The Darnell information arises from misrepresentations made to recruited physicians, including Defendant Scott Roethle. It includes records that the Government knows were generated under the Defendant's name but without his knowledge. It demonstrates the telemedicine companies were utilizing physician credentials without their knowledge. *Kyles v. Whitley*, 514 U.S. 419 at 434 (1995).

During the pendency of this matter, Defendant became aware of and reported to law enforcement that his credentials had been used without his knowledge to order certain laboratory testing though a company in South Carolina called Premier Labs. In the discovery provided to Defendant, Darnell admits that she sent "physician signatures" to certain companies and individuals for their use without consent of the physician. Defendant asserts that he received notice of claims that he did not sign, review or approve. The requested information is exculpatory and in the possession of the Government. These requests are found in Paragraphs 8, 11, 12, 13, and 14 of the Motion to Compel.

The Government has provided a summary of a proffer interview of Robin Darnell taken on February 19, 2021. According to Darnell:

1. She was tasked by Encore Telemedicine to recruit physicians in certain states.

2. Darnell had the physicians that she dealt with send her their signatures written on plain, white paper, which she then uploaded to an internet-based online platform/portal.

3. Darnell did not know the reason why she was collecting these signatures.

4. Darnell told physicians that Darnell employed a of twelve nurses for the purpose of doing intake.

5. Darnell had an email address titled "Nurse Robin".

6. Defendant gave Darnell access to his username and password for his internet-based online platform/portal.

7. Darnell worked with Encore Telemedicine, Dmerx, Medsymphony, Blue Mosiac, Lotus Health, and other telemedicine platforms.

8. Lotus Health was owned and operated by Richard Garipoli and David Santana owned Conclave Medical.

9. Darnell worked extensively with both Garipoli, Santana, Rob Burton, Steve Richardson, and others.

The documents requested in Paragraphs 9.D, 11, 12, 13, and 14 of the Motion to Compel all relate to information connected to the Darnell proffer. It is important to recall that Darnell admitted lying to the physicians that she recruited. These requests go directly to identifying the source of these electronic records. In the absence of these electronic records and their metadata, it would be impossible to know who generated these documents. As a consequence, these matters require disclosure pursuant to *Brady v. Maryland*.

### IV. Medical Records and IP Addresses

The Defendant has requested disclosure of all medical records for each of the identified individuals in the Indictment. (Paragraphs 13.I, 14.B). In addition, the Defendant has requested all

known IP addresses which the Government identifies as belonging to Scott Roethle or utilized by him during the term of the alleged misconduct. (Paragraph 13.H, 14.C, D).

According to the Government, the medical records are documents which are created by the Defendant in this matter. These would constitute statements as set forth in Rule 16(a)(1)(A)-(C). *U.S. v. Caldwell*, 543 F.2d 1333, 1352-53 (D.C. Cir. 1974). These statements are relevant because these records constitute the corpus of the offense. *Accord United States v. Lanoue*, 71 F.3d 966, 974 (1st Cir. 1995). Similarly, these records should be produced under Rule 16(a)(1)(B). According to the Government, these documents were created either by or at the direction of Defendant and were signed by Defendant.

In addition to the requirements of Rule 16, the requested information should be provided pursuant to *Brady v. Maryland*. Assuming the production of the underlying metadata, the records requested should allow identification of the source of the documents. If the documents produced were not generated by the Defendant, such information would be inconsistent with the Government's theory of the case, and therefore exculpatory.

## V. Summaries and Excel Spreadsheets

The Government, in their previous disclosure, has provided certain Excel spreadsheets, which appear to be summaries of other records that are maintained regarding patient claims. They had been specifically identified to the Government in Paragraph 13.F. These spreadsheets are summaries which rely upon other documents that have not been provided. The Defendant has asked for the production of those documents relied upon in making these summaries. While we are uncertain of the exact nature of these documents, it appears as though they would be medical records prepared by the Defendant. As a consequence, these would be producible pursuant to Rule 16(a)(1)(A-C).

5

        BRUNTRAGER & BILLINGS, P.C.

        /s/ Neil J. Bruntrager
        Neil J. Bruntrager, #29688
        225 S. Meramec Ave., Suite 1200
        St. Louis, Missouri  63105
        (314) 646-0066
        (314) 646-0065  Fax
        Email: njbatty@aol.com


        /s/ Michael D. Hepperly
        Michael D. Hepperly, #09542 (KS)
        Michael D. Hepperly law office, chtd.
        310 W. Central, Suite 119
        Wichita, KS 67202
        tel: 316-267-5330
        fax: 316-267-6589
        email: mhepperly@aol.com

        *Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2022, the foregoing **Defendant's Memorandum in Support of Motion to Compel Discovery** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

        /s/ Neil J. Bruntrager