UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCOTT TAGGART ROETHLE, )<br>)<br>Defendant. ) | Case No. 4:21 CR 465 CDP |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Scott Taggart Roethle's Motion and Amended Motion to Dismiss the Indictment [152, 208].

Pursuant to 28 U.S.C. § 636(b), all pretrial motions were referred to United States Magistrate Judge Stephen R. Welby. After hearing arguments and receiving briefs on defendant's original Motion to Dismiss [152], Judge Welby filed his Report and Recommendation [203] recommending that the motion be denied. Defendant filed a "Rebuttal" to the Magistrate Judge's recommendation, which the court docketed as his objections [204]. The government filed a response to the objection [207]. Defendant then – months after the deadline for filing pretrial motions had passed – filed his Amended Motion to Dismiss [208], which I will consider as an additional objection.

After conducting a *de novo* review, I will adopt and sustain the thorough reasoning of Magistrate Judge Welby set forth in support of his recommended

rulings issued on December 20, 2024.  I will deny both the original Motion to Dismiss and the Amended Motion.

The indictment in this case alleges one count of conspiracy to commit health care fraud and to violate the Anti-Kickback statute and 24 counts of health care fraud.   Although defendant was represented by counsel for the first two years after the indictment was returned, he then indicated he wished to proceed without counsel.  Judge Welby conducted a lengthy hearing in compliance with *Farretta v. California,* 422 U.S. 806 821 (1975).   Judge Welby determined that defendant was competent to represent himself and had knowingly and intelligently waived his right to counsel, after being fulling advised of his rights and of the risks of self-representation. [138]  He also appointed stand-by counsel, over defendant's objection.  Judge Welby then granted defendant additional time to file pretrial motions and extended that deadline several times before defendant finally filed the original Motion to Dismiss.

Defendant's lengthy and rambling original Motion to Dismiss the indictment argues that the Court lacks jurisdiction, that the federal government lacks the authority to pass criminal laws, that the government has failed to present sufficient evidence to support the charges, that the government has breached its fiduciary duty to him, that he was deprived of a common law grand jury, that he was not given *Miranda* warnings during the two years that he was being investigated

before the indictment was returned; and other arguments that can be characterized as sovereign-citizen type arguments.[1] He also argues that the Centers for Medicare and Medicaid Services and their procedures in administering the law violate the "organic" constitution.

In the document defendant filed captioned "Rebuttal" (docketed as objections to the Report and Recommendation) he asserts that Judge Welby was not authorized to make various pretrial rulings, complains about having been ordered to undergo a competency evaluation, asserts that the conditions of his release violate the constitution, and demands that the court dismiss the case and award him damages in the amount of $2,777,777,777. In the Amended Motion to Dismiss he copies much of the original motion and adds additional nonsensical arguments, as well as more reasons why Judge Welby was allegedly not authorized to issue his Report and Recommendation.

In conducting my *de novo* review of the Magistrate Judge's Report and Recommendation, I have carefully read all of defendant's lengthy filings, including

---

[1] Whether defendant actually considers himself a citizen is irrelevant; there is no doubt that many of the arguments he makes are sovereign-citizen type arguments. In some filings defendant has stated that he is the defendant, but in more recent filings and in Court he insists that he is an "agent" for the defendant, who is an "artificial legal construct" or a "legal fiction." In some of his filings the caption lists "SCOTT T. ROTHLE, Nom De Guerre Accused" in the space where defendant's name should appear.

the exhibits, reviewed the transcripts and considered the relevant law. None of the arguments cast any doubt on the validity of the indictment in this case. The arguments do not even touch on the language of the indictment or the charges in the case.

To the extent I can understand defendant's jurisdictional arguments, they are based on the idea set out in his motions that he, "Scott Taggart Rothle, the living natural man, repudiated the presumed U.S. Citizenship, of which [he] had no idea had been ascribed to me at birth…" So according to his briefs, he cannot be considered a U.S. citizen and instead is "an American state national of the Republic of Kansas, where I was born and raised." He thus argues that he is not subject to the jurisdiction of this federal court. He also says that he provided an "unrebutted affidavit" which must be considered as true because the government did not respond to it. He goes on to argue that the government has breached its fiduciary duty to him, and to raise a large number of similar arguments.

These are what are usually called sovereign-citizen type arguments and they have no legal basis. They have been rejected by numerous courts, as set out in Judge Welby's Report and Recommendation. Although defendant cites numerous court decisions, the phrases he pulls out of them are irrelevant to the validity of the indictment.

Defendant's objections to Judge Welby's authority are also without legal basis. Judge Welby's actions were all authorized by the Court's referral of pretrial matters to him [4] and by the Magistrate Judges' Act, 28 U.S.C. § 636. Further, Judge Welby did not rule on the Motions to Dismiss, he made a recommendation to this District Judge regarding the motions. His recommendations are correct, and I will adopt them in full.

Defendant was indicted by lawful grand jury, the indictment alleges with specificity the facts the government believes it can prove beyond a reasonable doubt at trial, those facts, if proved, meet all the elements of the charged offenses. Defendant has provided no basis for dismissal of the indictment, and this case will proceed to jury trial on April 7, 2025.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [#203] is **SUSTAINED, ADOPTED, and INCORPORATED** herein, and the Motion and Amended Motion to Dismiss [152, 208] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2025.