

**U.S. DEPARTMENT OF JUSTICE**

*United States Attorney*
*Eastern District of Missouri*

---

*Derek J. Wiseman*  *Thomas F. Eagleton U.S. Courthouse*  Direct: (314) 539-7616
*Assistant United States Attorney*  *111 South 10th Street, Rm. 20.333*  Office: (314) 539-2200
  *St. Louis, Missouri 63102*  Fax: (314) 539-2312

April 20, 2023

Neil J. Bruntrager
Bruntrager & Billings, P.C.
25 S Meramec Ave #1200
St Louis, MO 63105

    Re:    *Criminal Investigation*

Dear Mr. Bruntrager:

    This letter is to confirm the United States of America's position as to an interview with your client and Health and Human Services. It is my understanding that your client wishes to provide information at this time.

    Before the United States comes to any agreement, your client must submit to an interview with the United States. Furthermore, it must be understood that your client is not entitled to any specific consideration just because your client has given the United States an interview. Thus, there is presently no agreement as to the charges pending and/or the charges to be brought against your client or any consideration your client will receive for any cooperation. Such consideration, if any at all, will be unilaterally determined by the United States only **after** the interview is made at a time that the United States deems appropriate.

    Your client must understand that mere assistance is not enough to warrant a downward departure motion and that such a motion is warranted only for substantial assistance. Your client further must understand that, even if the information provided is truthful and complete, it will not entail substantial assistance if the United States regards the information to be insufficiently significant or insufficiently helpful. The United States will not be obligated to pursue any information it receives in the interview, if in their judgment, resources cannot or should not be allocated to pursue any leads the information might provide.

    Your client must also understand that any violation of the terms of this document, including criminal conduct of which the United States is not aware at the time of the signing of this document, or which occurs after the signing of this document, or failing to provide fully truthful information permits the United States to refuse to file a downward departure motion regardless of the level of assistance provided by yourself.

    Your client must also understand and agree that the United States may make derivative use and may pursue any investigative leads suggested by any statements made by or other information provided by your client, subject only to the limitations stated in this letter. By this agreement, the

April 20, 2023
Page 2 of 3

United States will not be required to prove an independent source for any evidence that may be traced to this interview in any subsequent prosecution.

In return, the United States agrees that no statements given in the interview will be used directly against your client in any criminal case during the United States of America's case in chief, with the following exceptions:

**(1)** Any evidence acquired in the interview could be used against your client for all purposes if it tends to indicate commission by your client, alone or as an accomplice, of any violent, assaultive crime causing injury to one or more persons.

**(2)** Pursuant to Section 1B1.8 of the Sentencing Guidelines, no statements given by your client at this interview will be used to enhance the Offense Level against your client except as provided in that Section. The United States may utilize any other evidence for purposes of application of the Sentencing Guidelines. The United States may, however, use any statements made or other information provided by your client to rebut evidence or arguments at sentencing materially different from any statements made or other information provided by your client during the interview.

**(3)** If, at any future trial or other proceeding in which your client is a defendant or a witness, your client were to testify contrary to the substance of this interview, or through any manner whatsoever, either personally or through an attorney or other representative, including, but not limited to, opening statements, cross-examination of witnesses, direct examination of witnesses, or the presentation of exhibits or other evidence, present a position inconsistent with the information provided in the interview, the United States may use either as evidence in chief, or rebuttal evidence, any statements made or other information provided by you. This provision is necessary to assure that no court or jury is misled by receiving information or implications materially different from that provided by your client. In addition, we want to emphasize that the above-mentioned examples are not totally inclusive of the uses the United States may make of your interview.

**(4)** The United States may cross-examine your client concerning any statements made or other information provided during the interview and use the statements and information as substantive evidence to rebut any evidence offered or elicited or factual assertions made by or on behalf of your client at any stage of a criminal prosecution, including but not limited to pretrial hearings, trial, and sentencing.

Finally, and most importantly, if your client does not now tell the truth, the promise not to use what your client says in the interview against your client shall be null and void.

At this time, the United States is not entering into any agreement or representing that it will enter into any agreement. Any agreement the United States may enter into will be determined after the interview and shall be left to the discretion of the United States.

April 20, 2023
Page 3 of 3

Sincerely,

SAYLER A. FLEMING
United States Attorney

DEREK J. WISEMAN
Assistant United States Attorney

**ACCEPTED:**

I, Scott Roethle, have read this letter and fully understand that there are no promises by the United States to enter into any agreement.

_____   4/21/23
**Scott Roethle**                         DATE
**Defendant**

X_____   4/21/23
**Neil Bruntrager**                       DATE
**Attorney for Defendant**