# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

| UNITED STATES OF AMERICA, Plaintiff, | ) | Case Number: 4:21-cr-465 |
|---|---|---|
| v. | ) | |
| SCOTT T. ROETHLE, Defendant | ) | |

### File on Demand

### Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent

### Due to Time-Constraints, the Clerk of the Court is Requested to Immediately Forward These Papers to all Interested Parties

### OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE, CHALLENGE TO JURISDICTION, AND CONSTITUTIONAL CHALLENGES, MOVE TO DISMISS WITH PREJUDICE IN ACCORDANCE WITH FILED PAPERS DURING THESE PROCEEDINGS

Scott-Taggart, Sui Juris, the Sovereign Living Man, created in the image of our Almighty Father, comes by Special Appearance, as agent and authorized representative for SCOTT T. ROETHLE, the artificially and unconstitutionally created corporate construct, following the common law as promised by the organic Constitution 1791.

I respectfully submit this opposition to the United States' **22 Motions in Limine. I also move again to dismiss with prejudice in accordance with filed papers and the lawful remedies sought therein, for lack of jurisdiction**, and I **challenge the constitutionality of these proceedings** based on **violations of the 2nd, 4th, 5th, 6th, 7th Amendments found in the Bill of Right, and the 14th Amendment**, as well as numerous **breaches of the federal government's fiduciary duty** to uphold the Constitution.

---

## I. GENERAL OBJECTIONS

1. **Unconstitutional Restrictions on the Right to Present a Defense** – The Plaintiff's motions in limine constitute a broad and unconstitutional effort to **deprive me of the right to present evidence, challenge the government's case, and conduct cross-examination** in violation of the **5th, 6th, and 14th Amendments**. See *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("The right to present a defense is a fundamental element of due process.").
2. **Violation of Due Process and Fundamental Fairness** – Many of the Plaintiff's requests, if granted, would result in **an unfair trial**, depriving me of a meaningful

1

opportunity to challenge the government's allegations, as required under *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973).
3. **Unconstitutional Use of Subpoena Power** – The government **violated my due process of law self-executing rights** by using **unconstitutional subpoena power to acquire the majority of the evidence against me**. The evidence obtained through **overbroad and unlawful subpoenas should be suppressed**, as such actions violate **the Fourth and Fifth Amendments**. See *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950).

---

# II. SPECIFIC OBJECTIONS TO PLAINTIFF'S 22 MOTIONS IN LIMINE

## 1. Motion to Enforce Proffer Agreement & Admit Interview Statements

- The **proffer agreement explicitly bars the use of my statements at trial**. Courts have consistently held that **proffer-protected statements cannot be used as evidence of guilt**. See *United States v. Sterling*, 724 F.3d 482, 509 (4th Cir. 2013).
- The government's claim that I lied in the interview is **unsupported and misleading**. The **emails the government relies upon do not contradict my statements in the interview** and are being **misapplied to fabricate an inconsistency**.
- Under *United States v. Mezzanatto*, 513 U.S. 196, 204 (1995), **proffer agreements must be enforced according to their terms**.

## 2. Motion to Admit Business Records

- Business records, especially if they are copies and not the original source documents, must not be admitted as a **substitute for live testimony** when they contain hearsay or violate the **Confrontation Clause** (*Crawford v. Washington*, 541 U.S. 36, 68 (2004)).

## 3. Motion to Admit Summary Exhibits

- Summary exhibits must be **fair, accurate, and not misleading** (*United States v. Milkiewicz*, 470 F.3d 390, 396 (1st Cir. 2006)).

## 4. Motion to Admit Email Records

- Admission of emails must comply with **authentication and hearsay rules** (*United States v. Safavian*, 435 F. Supp. 2d 36, 40 (D.D.C. 2006)).

## 5. Motion to Preclude Defendant from Blaming Medicare

- Preventing me from explaining industry standards **violates the right to present a defense** (*Holmes v. South Carolina*, 547 U.S. 319, 324 (2006)).

## 6. Motion to Preclude Commenting on Punishment

- A jury has a **right to understand the consequences of their decision** (*Shannon v. United States*, 512 U.S. 573 (1994)).

## 7. Motion to Preclude Selective/Vindictive Prosecution Argument

- I am entitled to present **a defense that enforcement is arbitrary or discriminatory** (*Wayte v. United States*, 470 U.S. 598, 608 (1985)).

## 8. Motion to Exclude Law Enforcement Misconduct Allegations

- I must be allowed to challenge the credibility of government agents (*Napue v. Illinois*, 360 U.S. 264 (1959)).

## 9. Motion to Limit Cross-Examination of Government Witnesses

- Arbitrarily limiting cross-examination **violates the Sixth Amendment** (*Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

## 10-22. Additional Objections

10. **Preclusion of Missing Witnesses** – I should be allowed to argue the significance of missing witnesses (*Griffin v. California*, 380 U.S. 609 (1965)).
11. **Preclusion of Self-Serving Hearsay** – I should be allowed to introduce statements if necessary to contextualize government evidence, hearsay is inadmissible testimony (*United States v. Pendas-Martinez*, 845 F.2d 938, 943 (11th Cir. 1988)).
12. **Preclusion of Legal Opinion Questions** – Legal conclusions are a matter for the court (*United States v. Scop*, 846 F.2d 135 (2d Cir. 1988)).
13. **Preclusion of Improper Character Evidence** – The government must meet the **Rule 404(b)** burden (*Huddleston v. United States*, 485 U.S. 681 (1988)).
14. **Admission of Summary Witness Testimony** – Must be subject to **Daubert reliability review** (*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)).
15. **Use of Interview Transcripts** – I object to selective presentation and any use of the interview transcript from the proffer interview (*United States v. Lentz*, 524 F.3d 501 (4th Cir. 2008)).
16. **Multiple Testimonies of Witnesses** – I assert that repetitive testimony is prejudicial and must not be allowed. (*United States v. Jackson*, 88 F.3d 845 (10th Cir. 1996)).
17. **Exclusion of Undisclosed Evidence** – I reserve right to challenge scope (*Taylor v. Illinois*, 484 U.S. 400 (1988)).
18. **Preclusion of Advice of Counsel Defense** – This is premature and without factual determination (*United States v. Urciuoli*, 613 F.3d 11 (1st Cir. 2010)).
19. **Preclusion of Alternative Theories** – I must be allowed a full defense (*Mathews v. United States*, 485 U.S. 58 (1988)).
20. **Preclusion of Testimony Without Taking the Stand** – Fundamentally violates my rights (*Rock v. Arkansas*, 483 U.S. 44 (1987)).
21. **Revocation of Self-Representation** – Due process of law concerns (*Faretta v. California*, 422 U.S. 806 (1975)).

22. **Admission of Expert Testimony** – I assert that it must meet Daubert standard (*Daubert*, 509 U.S. 579).

---

## III. CONCLUSION

For the reasons stated herein, I respectfully request that the Court lawfully **deny all 22 of Plaintiff's Motions in Limine** and **dismiss with prejudice for lack of jurisdiction**.

In the event the court denies the dismissal, I once again move this court grant an immediate continuance of all proceedings, including the upcoming pretrial conference hearing, pending the notice of appeal and my rebuttal to the government's objections, as proceeding unfairly harms and prejudices my reputation and places my professional license to practice medicine in grave and irreparable damage. I once again ask this court to grant a stay of all proceedings as requested above as a due process of law unalienable Right to receive a fair and just trial, and all other protections as seen in the Bill of Rights.

Respectfully submitted, on this 27th day of March in the year of our Lord, 2025.

All Rights Reserved,

**/s/ *Scott-Taggart, auth rep*_____**
Scott-Taggart, authorized representative
for: SCOTT T. ROETHLE, accused,
taxpayer and principal